# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| SANDERLING MANAGEMENT LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:20-cv-04627 |
| | ) |
| SNAP INC., | ) |
| | ) |
| Defendant. | ) |

**SOURCE CODE INSPECTION PROTOCOL & PROSECUTION BAR**

The Court enters the following order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.  Findings: The Court finds that the parties to this case may request or produce information involving source code, the disclosure of which is likely to cause harm to the party producing such information.

2.  Definitions:

    a.  "Highly Confidential Source Code" information is information comprising extremely sensitive computer code, scripts, source code, object code, microcode, software application code, programming code or other machine language instructions, and associated comments and revision histories, formulas, engineering specifications, or schematics that disclose such computer code, scripts, source code, object code, microcode, software application code, programming code, scripts, source code, object code, microcode, software application code, programming code, or other machine language instructions, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

b.      Information is not Highly Confidential Source Code if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Highly Confidential Source Code if a person lawfully obtained it independently of this litigation.

3.      <u>Treatment of Source Code</u>

a.      Manner of Inspection. Any Highly Confidential Source Code Information requested in discovery shall be made available for inspection in the format in which it is kept in the ordinary course of business, such that it can be reasonably reviewed and searched. Such inspection shall occur during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The computer containing the Highly Confidential Source Code Information ("<u>Source Code Computer</u>") will be available upon reasonable notice to the producing party, which (subject to a shortening of time periods by the parties' agreement) shall not be less than seven (7) calendar days' notice prior to the first requested inspection and three (3) business days' notice in advance of any additional inspections. The Highly Confidential Source Code Information shall be made available for inspection on the Source Code Computer in a secured room without internet access or network access to other computers, and the receiving party shall not remove from the Source Code Computer or secured room, or copy or otherwise transfer onto any recordable media or recordable device, any portion of the Highly Confidential Source Code Information. The receiving party shall be allowed to take notes (including summaries of the Highly Confidential Source Code Information), but such notes shall not include any transcription of the Highly Confidential Source Code information (the production of which is addressed in paragraph 3.b. below). The Source Code Computer shall include software

permitting the receiving party to review the source code and to perform reasonable keyword searches (i) across the source code files made available for inspection and (ii) within any given source code file. Additionally, the producing party shall install any code analysis tools or other related software the receiving party reasonably requests and provides, along with all the installation scripts and other tools needed to install the review software. If there is any expense associated with installations of review software the receiving party requests – *e.g.*, licensing fees for code analysis tools or other related software requested by the receiving party – such expense shall be paid by the receiving party. The producing party may visually monitor the activities of the receiving party's representatives during any Highly Confidential Source Code information review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Highly Confidential Source Code information. Recipient may not create any electronic images or copies, including without limitation through media or recordable devices, including without limitation, sound records, computers, cellular telephones, tablets, smartwatches, smartglasses, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, of any Highly Confidential Source Code information off the secured computers.

      b.      Limitations on Production. Following an inspection in the manner prescribed by the preceding section, the receiving party may request paper copies of portions of the Highly Confidential Source Code information that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The producing party shall make available a printer for on-site printing during the inspection of the Source Code. The producing party shall also provide colored paper (that is not white) to use with the printer. During the inspection, the receiving party shall use the printer to print a single set of the source code excerpts it intends to ask the producing party to produce. All such print outs must identify the full

file path, file name, page number, and line numbers where the code originated. The receiving party shall only print Source Code using the colored paper that the producing party provides. At the end of each day, all printed pages shall be collected by the producing party. Following the inspection, the receiving party shall serve an e-mail request identifying the specific print-outs it is requesting using the file name, file path, page number, and line numbers of the code it is requesting. Within five (5) business days of such request, the producing party shall provide all such Highly Confidential Source Code Information in paper form including Bates numbers and the label "Highly Confidential Source Code." The receiving party's request for paper copies of limited potions of Highly Confidential Source Code Information is limited to 50 consecutive pages and an aggregate total of not more than 450 pages of printouts of the Highly Confidential Source Code Information. The producing party and the receiving party will meet and confer in good faith to determine if these page limitations reasonably should be increased. The producing party may also challenge the scope of any request for Highly Confidential Source Code Information in paper form. If after meeting and conferring (which need not occur in person), the producer and recipient cannot resolve the objection, either party may seek an order or other court resolution of whether the printed Highly Confidential Source Code information is reasonably necessary to any case preparation activity.

    c.    Disclosure of Highly Confidential Source Code. Absent written permission from the producer or further order by the Court, the receiving party may not disclose Highly Confidential Source Code information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi) of the Court's Model Protective Order. Additionally, a party may not disclose Highly Confidential Source Code information to an expert or consultant until it complies with paragraph 4(e) of the Court's Model Protective Order.

        d.      Additional Protections. The receiving party shall maintain all paper copies of any printed portions of the Highly Confidential Source Code Information in a secured, locked area in the offices of the receiving party's outside counsel of record. The receiving party shall maintain a record of any individual who has inspected any portion of the Highly Confidential Source Code information in electronic or printed form and the location of the inspection. Upon fourteen (14) calendar day's advance notice to the receiving party by the producing party, the receiving party shall provide a copy of this log to the producing party. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party may however, make electronic copies of sections of code for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, which shall be prominently stamped and treated as "Highly Confidential Source Code." To the extent a deposition is likely to involve Source Code, the party taking the deposition shall provide at least seven (7) calendar days' written notice of that fact, and the producing party may make a source code computer available at the deposition, minimizing the need for additional paper copies of source code. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. Electronic copies of Highly Confidential Source Code Information produced in this matter shall not be transmitted electronically, unless filed under seal as part of a court filing. The receiving party may, however, electronically transmit (including by electronic mail or FTP) short sections of code excerpted in other material such as pleadings, expert reports, and local patent rule contentions (and drafts thereof) if such transmission are protected using encryption.

        e.      The parties agree that any document containing five or more pages of Highly

Confidential Source Code information may be produced for inspection subject to the protocol set forth above in paragraphs 3.a.-3.d.

4. <u>Prosecution Bar</u>: Absent written consent from the producing party, any individual who reviews or otherwise learns of Highly Confidential (as that term is defined in the Northern District of Illinois's Model Protective Order for Patent Cases) or Highly Confidential Source Code information under this Order shall not be involved in the preparation or prosecution of patents or patent applications pertaining to the technology produced or at issue in this case. For purposes of this paragraph, "prosecution" includes directly or indirectly participating in or advising regarding the drafting or amending of any claims. Nothing in this paragraph shall prohibit any individual from representing a party whose patent is challenged in a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, or covered business method proceeding, provided such individual does not directly or indirectly participate in or advise regarding the drafting or amending of any claims. The Prosecution bar shall begin when Highly Confidential or Highly Confidential Source Code information is first reviewed or otherwise learned by the affected individual and shall end on the two year anniversary following the date of final termination of this action. The Prosecution Bar set forth in this paragraph shall be personal to any attorney who reviews or otherwise learns of materials designated Highly Confidential or Highly Confidential Source Code information and shall not be imputed to any other person or attorneys at the attorney's law firm or company unless information concerning the materials were communicated to such person by one who reviewed protected materials. The Prosecution Bar applies only to those individuals that review or otherwise learn of Highly Confidential information that is technical in nature, and does not apply to Highly Confidential financial information.

5. <u>Restrictions Relating to the Export of Highly Confidential Source Code:</u> Absent

further agreement or Court Order, no Highly Confidential Source Code information may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to physical hard copies of any material designated under this order and electronic data. The viewing of technical materials designated as Highly Confidential Source Code information through electronic means outside the territorial United States of America is similarly prohibited.