MANNY J. CAIXEIRO (Bar No. 320473)
manny.caixeiro@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Telephone:  (213) 892-5010
Facsimile:   (213) 623-9924

TIMOTHY J. CARROLL (*pro hac vice*)
tim.carroll@dentons.com
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone:  (312) 876-8000
Facsimile:   (312) 876-7934

*Attorneys for Plaintiff*

Scott R. Miller (SBN 112656)
smiller@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP,
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:  (213) 620-1780
Facsimile:   (213) 620-1398

Steven G. Schortgen (*Pro Hac Vice*)
sschortgen@sheppardmullin.com
Jennifer Klein Ayers (*Pro Hac Vice*)
jayers@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2200 Ross Ave, 24th Floor
Dallas, Texas 75201
Telephone:  (469) 391-7400
Facsimile:   (469) 391-7401

*(Continued on signature page)*

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SANDERLING MANAGEMENT LTD.<br><br>Plaintiff,<br><br>vs.<br><br>SNAP INC.<br><br>Defendant. | Case No. CV 21-2324-GW-JCx<br><br>**PROTECTIVE ORDER**<br><br>Judge:                    George Wu<br>Magistrate Judge:  Jacqueline Choojian |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by Sanderling Management Ltd. ("Plaintiff" or "Sanderling") and Snap Inc. ("Defendant" or "Snap") (collectively, the "parties") between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to each of the respective above-captioned action.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

118038140\V-1

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL
## AND PROPRIETARY INFORMATION

### 1.   DEFINITIONS

1.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified below.

1.2 (a)   This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause

why it should not be part of the public record of this case.

      1.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record, as defined below, as well as their support staff and Professional Vendors, as defined below, acting on their behalf.

      1.4    <u>Designated In-House Counsel</u>: In-House Counsel who have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

      1.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

      1.6    <u>Disclosure of Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the above-captioned actions.

      1.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the respective litigations who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one or more of the above-captioned actions, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

      1.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that the Designating Party reasonably believes could not be avoided by less restrictive means.

      1.9    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or</u>

Items: extremely sensitive "CONFIDENTIAL Information or Items" representing computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that the Designating Party reasonably believes could not be avoided by less restrictive means.

1.10    In-House Counsel: attorneys who are employees of a Party to one of the above-captioned actions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.11    Outside Counsel of Record: attorneys who are not employees of a Party to an above-captioned action but are retained to represent or advise a Party to that action and have appeared in the action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.12    Party: a party to an above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in an above-captioned action.

1.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1    **2.**    <u>**SCOPE**</u>

2       The protections conferred by this Stipulation and Order cover not only

3 Protected Material (as defined above), but also (1) any information copied or

4 extracted from Protected Material; (2) all copies, excerpts, summaries, or

5 compilations of Protected Material; and (3) any testimony, conversations, or

6 presentations by Parties or their Counsel that might reveal Protected Material.

7 However, the protections conferred by this Stipulation and Order do not cover the

8 following information: (a) any information that is in the public domain at the time

9 of disclosure to a Receiving Party or becomes part of the public domain after its

10 disclosure to a Receiving Party as a result of publication not involving a violation

11 of this Order, including becoming part of the public record through trial, court

12 order or otherwise; and (b) any information known to the Receiving Party prior to

13 the disclosure or obtained by the Receiving Party after the disclosure from a source

14 who obtained the information lawfully and under no obligation of confidentiality

15 to the Designating Party.

16       For clarity, nothing herein shall affect the right of the Designating Party to

17 disclose to its officers, directors, employees, attorneys, consultants or Experts, or

18 to any other person, its own information.  Such disclosure shall not waive the

19 protections of this Protective Order and shall not entitle other Parties or their

20 attorneys to disclose such information in violation of it, unless by such disclosure

21 of the Designating Party the information becomes public knowledge.  Similarly,

22 the Protective Order shall not preclude a Party from showing its own information

23 to its officers, directors, employees, attorneys, consultants or experts, or to any

24 other person, which information has been filed under seal by another Party.

25       Any use of Protected Material at trial shall be governed by a separate

26 agreement or order.

27    **3.**    <u>**DURATION**</u>

28       Even after final disposition of each of the above-captioned actions, the

confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.      DESIGNATING PROTECTED MATERIAL**

     4.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards.

     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

     4.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

     Designation in conformity with this Order requires:

     (a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix, to each page that contains protected material (or, in the event that is not practicable, to the first page of the document), the legend: (i) for "CONFIDENTIAL" Information or Items, "CONFIDENTIAL,"

118038140\V-1

1    "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER"; (ii) for "HIGHLY

2    CONFIDENTIAL –ATTORNEYS' EYES ONLY" Information or Items,

3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

4    CONFIDENTIAL ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL

5    – SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY", and

6    (iii) for "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items,

7    "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY

8    CONFIDENTIAL SOURCE CODE," or "HIGHLY CONFIDENTIAL –

9    SUBJECT TO PROTECTIVE ORDER – SOURCE CODE."

10          A Party or Non-Party that makes original documents or materials (other than

11   HIGHLY CONFIDENTIAL – SOURCE CODE Information or Items) available

12   for inspection need not designate them for protection until after the inspecting

13   Party has indicated which material it would like copied and produced.  During the

14   inspection and before the designation, all of the material made available for

15   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY."  After the inspecting Party has identified the documents it wants copied

17   and produced, the Producing Party must determine which documents, or portions

18   thereof, qualify for protection under this Order.  Then, before producing the

19   specified documents, the Producing Party must affix the appropriate legend (as set

20   forth above) to each page that contains Protected Material.  HIGHLY

21   CONFIDENTIAL – SOURCE CODE Information or Items shall be treated

22   according to Paragraph 8 of this Order.

23          (b)     for testimony given in deposition or in other pretrial or trial

24   proceedings, that: (i) the Designating Party identify on the record, before the close

25   of the deposition, hearing, or other proceeding, all protected testimony and specify

26   the level of protection being asserted, or (ii) within fourteen days after receiving

27   the deposition transcript, the Designating Party advises the Receiving Party and

28   court reporter that it is assigning a confidentiality designation to some or all of the

transcript.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to place the entirety of the testimony under the protection of this Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

4.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material.  Upon timely

correction of a designation after recognition by a Producing Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    4.4   <u>Right to Seek Additional Protections.</u>  This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

**5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    5.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, unless other forms of communication prove sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

1  establishes that the Designating Party is unwilling to participate in the meet and

2  confer process in a timely manner.

3      5.3    Judicial Intervention.  If the Parties cannot resolve a challenge

4  without court intervention, the Challenging Party may seek relief from the Court,

5  provided it certifies that it has complied with all meet-and-confer requirements

6  under this Order and the Local Rules of this Court.  The burden of persuasion in

7  any such challenge proceeding shall be on the Designating Party.

8  **6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

9      6.1    Basic Principles.  Absent further Order from the Court, the Receiving

10 Party may use Protected Material that is disclosed or produced by another Party or

11 by a Non-Party only for prosecuting, defending, or attempting to settle the above-

12 captioned action; the Protected Material may not be used for any other purpose.

13 Protected Material may be disclosed only to the categories of persons and under

14 the conditions described in this Order.  When the litigation has been terminated, a

15 Receiving Party must comply with the provisions of section 15 below (FINAL

16 DISPOSITION).

17     Protected Material must be stored and maintained by a Receiving Party at a

18 location and in a secure manner that ensures that access is limited to the persons

19 authorized under this Order.

20     6.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

21 otherwise ordered by the court or permitted in writing by the Designating Party,

22 each Receiving Party may disclose any information or item designated

23 "CONFIDENTIAL" only to:

24     (a)    the Receiving Party's Outside Counsel of Record in the above-

25 captioned action, as well as employees of said Outside Counsel of Record to whom

26 it is reasonably necessary to disclose the information for the above-captioned

27 litigation;

28     (b)    current (at the time of disclosure) officers, directors, or employees

(including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the litigation in which said information is produced, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party in connection with the above-captioned the litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the above-captioned litigation;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  Nothing in this provision shall prevent Counsel from disclosing any evidence or document to a witness during cross-examination; and

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

(g)    other persons or entities, solely as agreed in writing by Outside Counsel of Record of each Party.

6.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in that particular litigation;

(b)     Designated In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) the name(s) of the Designated In-House Counsel have been provided in this Order, in an Exhibit attached hereto, or have been otherwise agreed to by the Parties;

(c)     Experts (as defined in this Order) of the Receiving Party in connection with the above-captioned litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 6.5(a), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced; and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party

(g)     other persons or entities, solely as agreed in writing by Outside Counsel of Record of each Party.

6.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the following persons:

(a)     the Receiving Party's Outside Counsel of Record in the above-captioned action in which it is produced as well as employees of such Outside

- 13 -

1   Counsel of Record to whom it is reasonably necessary to disclose the information

2   for that particular litigation;

3         (b)     Experts (as defined in this Order) of the Receiving Party (1) to whom

4   disclosure is reasonably necessary for the litigation in which it is produced, (2)

5   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

6   and (3) as to whom the procedures set forth in paragraph 6.5(a), below, have been

7   followed; and

8         (c)     the court and its personnel;

9         (d)     court reporters and their staff, professional jury or trial consultants,

10  and Professional Vendors to whom disclosure is reasonably necessary for the

11  litigation in which it is produced; and

12        (e)     the author or recipient of a document containing the information or a

13  custodian or other person who otherwise possessed or knew the information or is

14  employed by the Designating Party.

15        6.5     <u>Procedures for Approving or Objecting to Disclosure of</u>

16  <u>"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

17  <u>ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>

18  <u>to Experts.</u>

19        (a)     Unless otherwise ordered by the court or agreed to in writing by the

20  Designating Party (and with the exception of any experts that have been disclosed

21  and approved by the parties prior to the entry of this stipulated protective order), a

22  Receiving Party that seeks to disclose to an Expert (as defined in this Order) any

23  information or item that has been designated "CONFIDENTIAL," "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

25  CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(c) and

26  6.4(b) first must make a written disclosure via e-mail to the Designating Party's

27  Outside Counsel of Record that (1) sets forth the full name of the Expert and the

28  city and state of his or her primary residence, (2) attaches a copy of the Expert's

- 14 -

current resume, including a list of publications from the past ten years and a list of any patents the Expert is identified as an inventor of, and (3) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. The Designating Party shall have five (5) business days after such notice is given to object in writing via e-mail to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert.

(b)     A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the 5-day notice period.  Any such objection must set forth in detail the grounds on which it is based.  If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c)     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within three (3) business days after the written objection is served, unless another timeframe is agreed to by the parties. The Designating Party shall then have seven calendar days after the parties' meet and confer to, if no agreement is reached, seek relief from the Court, provided it certifies that it has complied with all meet-and-confer requirements under this Order and the Local Rules of this Court.  Any motion filed pursuant to this paragraph must describe the circumstances with specificity, and set forth in detail the reasons why the disclosure to the Expert should not be made.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content

- 15 -

of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the Expert, but need not be disclosed to any other Party.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6.6     It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the opposing Party to such Outside Counsel of Record in his or her respective action, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Designating Party. For the avoidance of doubt, nothing in this provision permits the use or disclosure by a party in one of the above-captioned actions of Confidential Information or Items originally produced by a Defendant in another of the above-captioned actions absent agreement of the producing Defendant and/or separate order of the Court.

## 7.     PROSECUTION BAR

7.1     <u>Prosecution Bar</u>.  Individuals associated with a Receiving Party, including Outside Counsel of Record, In-House Counsel, and Experts (and any employees of such individuals) who directly or indirectly review any technical

1    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY

2    CONFIDENTIAL – SOURCE CODE information ("Prosecution Bar

3    Information") are thereafter prohibited from being involved, directly or indirectly,

4    in the prosecution of patent applications relating to the Prosecution Bar

5    Information produced or at issue in this case.  For purposes of this paragraph,

6    "prosecution" includes directly or indirectly participating in or advising regarding

7    the drafting or amending of any claims (including without limitation advising on,

8    consulting on, preparing, prosecuting, drafting, editing or amending of the

9    applications, specifications, claims or responses to office actions, or otherwise

10   affecting the disclosure in patent applications or specifications or the scope of

11   claims in patents or patent applications, or supervision of the aforementioned).

12   Nothing in this Paragraph shall prohibit any individual from representing a party

13   whose patent is challenged in a reissue protest, *ex parte* reexamination, *inter partes*

14   reexamination, post-grant review, or covered business method proceeding, except

15   that the individual is prohibited from participating directly or indirectly in or

16   advising regarding the drafting or modification of any claim or amendment to any

17   claim.  This Prosecution Bar shall begin when the Prosecution Bar Information is

18   first reviewed or otherwise learned by the affected individual and shall end on the

19   two year anniversary following the date of final termination of this action. Nothing

20   herein shall prevent any person from sending non-confidential prior art to an

21   attorney involved in patent prosecution for purposes of ensuring that such prior art

22   is submitted to the U.S. Patent and Trademark Office (or any similar agency of a

23   foreign government) in order to comply with such person's duty of candor.

24   Nothing in this provision shall prohibit any Counsel or In-House Counsel from

25   discussing any aspect of this case that is reasonably necessary for the prosecution

26   or defense of the claims in this litigation.  The parties expressly agree that the

27   prosecution bar set forth herein shall be personal to any person who reviews

28   Prosecution Bar Information and shall not be imputed to any other persons or

- 17 -

1   attorneys at the person's law firm or company unless information concerning the

2   Prosecution Bar Information were communicated to such person by one who

3   reviewed the materials.

4   **8.      SOURCE CODE**

5        (a)      To the extent production of source code becomes necessary in this

6   case, a Producing Party may designate source code as "HIGHLY

7   CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential,

8   proprietary or trade secret source code.  Source code includes, but is not limited to,

9   files in computer programming languages, including, but not limited to, C++, Java,

10   and Flash.  For the avoidance of doubt, the Producing Party may designate as

11   source code make files, link files, intermediate output files, executable files, header

12   files, resource files, library files, module definition files, map files, object files,

13   linker files, browse info files, debut files, algorithms, pseudocode, object code,

14   microcode, register transfer language, hardware description language, manifests,

15   and other human-readable files used in the generation, building or compiling of

16   software or firmware, as well as any and all programmer notes, annotations, and

17   other comments of any time thereto and accompanying the code.   Production or

18   designation of HIGHLY CONFIDENTIAL – SOURCE CODE shall not be

19   construed as a representation or admission by a party that HIGHLY

20   CONFIDENTIAL – SOURCE CODE is properly discoverable in this action, nor

21   does the inclusion of HIGHLY CONFIDENTIAL – SOURCE CODE as part of

22   this agreement obligate any party to produce HIGHLY CONFIDENTIAL –

23   SOURCE CODE.

24        (b)      Protected Material designated as "HIGHLY CONFIDENTIAL –

25   SOURCE CODE" may be disclosed only to the individuals as set forth in

26   Paragraph 6.4, who have been identified to the Producing Party at least three

27   calendar days in advance of the first time such person reviews the source code.

28   Nothing in this Paragraph supersedes a Receiving Party's obligation to disclose an

- 18 -

Expert under Paragraph 6.5. In the event of a conflict between the timelines disclosed in Paragraph 6.5 and this Paragraph, Paragraph 6.5's timelines shall control.

(c) The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise advised in writing by the Designating Party or otherwise Ordered by the Court:

(i) Any source code shall be made available for inspection, in electronic (e.g., native) format. The Producing Party shall produce source code for inspection in electronic (e.g., native) format at the office of its outside counsel in California, or at another location agreed to in writing by the parties. Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on at least three (3) business days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(ii) Source code shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(iii) The source code shall be made available for inspection on a secured computer (i.e., the computer may not be linked to any network, including a local area network, an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the computer) in a secured location at the offices of the Producing Party's outside litigation counsel (the "Source Code Computer"). The Source Code Computer may be password protected and shall have the Source Code stored on a hard drive contained inside the computer. The Producing Party shall produce source code in computer searchable format on the stand-alone computer. The Source Code computer, as produced by the Producing Party, shall include the following

- 19 -

software:  (1) Notepad ++ v. 7.9.5; and (2) Microsoft Visual Studio Community 2019.  Snap shall demonstrate to Sanderling that the software referenced in the prior sentence includes appropriate search functionality.  The Source Code Computer shall, at the Receiving Party's request (which request shall include an explanation of why additional review or analysis software is necessary) made at least seven (7) days in advance of the inspection, include additional reasonable and commercially-available searching and/or analysis tools appropriate for the type of Source Code (if there is a cost for the analysis tools, the Receiving Party shall bear the cost of such tools; if there is disagreement regarding such a request for additional tools the parties may refer the dispute to this Court for resolution).  To the extent that such tools record local working files or other records reflecting work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Producing Party.

(iv)    Except as otherwise provided in this Protective Order, the Receiving Party shall not make any copies of the source code, whether physical, electronic or otherwise, and may not remove anything from the Source Code Computer.  The Producing Party shall provide means for the Receiving Party to identify print outs during the review.  Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, et cetera) is prohibited while accessing the Source Code Computer.  The Receiving Party shall not use any outside electronic device to copy, record, photograph or otherwise reproduce the source code in any way.  The Producing Party may exercise supervision from outside the review location over the Receiving Party when the Receiving Party is in the location with the Source Code Computer.  Such supervision, however, shall not entail review of any work product generated by the Receiving Party (e.g., monitoring the screen of the Source Code Computer,

- 20 -

monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party).  There will be no video supervision by any Producing Party.

(v)     The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business.  The Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the source code.  Such notes shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such notes are permitted only when reasonably necessary to guide the note taker's use of later-requested paper copies of the source code and may only include the names of files, folders, directories, subroutines, variables, and line numbers, so long as they do not include actual source code.  Otherwise, no copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in this Protective Order.  Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

(vi)     The Producing Party shall include on the Source Code Computer a list of all files (including source code) available for review on the Source Code Computer.

(vii)     No notes may be taken during the source code review except as specified in section 8(c)(v).

(viii)     The Receiving Party may request one (1) hard copy printout of the specific lines, pages, or files of the Source Code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality.  Using the software available on the Source Code Computer, which the Producing Party will ensure is sufficient to create the production contemplated herein, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop of the inspection computer named "Print Requests" with a subfolder

identifying the date of the request. The PDF printouts must include identifying information, including the full file path and file name, page number, and/or line numbers such that the Producing Party may identify where the source code is located in the original production.  Such PDF printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page. The Receiving Party shall request PDF printouts of only such portions of source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  In no event may the Receiving Party request printouts of entire files as an alternative to reviewing HIGHLY CONFIDENTIAL – SOURCE CODE in the first instance.  However, if the Receiving Party needs additional time to review relevant HIGHLY CONFIDENTIAL – SOURCE CODE, such additional time shall not be unreasonably denied to the Receiving Party and the parties shall work together in good faith to ensure that the Receiving Party has adequate time to review the HIGHLY CONFIDENTIAL – SOURCE CODE.  In the event that the Receiving Party requests more than 40 consecutive pages, or an aggregate of more than 800 pages, of print outs of source code, the parties shall have a meet and confer in good faith.  In the event that the parties cannot reach a resolution, the parties shall proceed under Local Rule 37-2.  If the Producing Party objects in any manner to the production of the requested source code (e.g., the request is too voluminous), the Producing Party shall make such objection known to the Receiving Party within five (5) business days of the identification of any files by the Receiving Party.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity, pursuant to the dispute resolution procedure and timeframes set forth herein whereby the Producing Party is the "Challenging Party," and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

- 22 -

(ix)   At the request of the Receiving Party, in the absence of any objection the Producing Party shall provide within five (5) business days of such request, paper copies of the .PDF printouts identified at the time of inspection by the Receiving Party.  The Producing Party shall print, label such files with the file's complete path name, and append production numbers and the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" or "HIGHLY CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER--SOURCE CODE." The paper copies must be kept in a secured location (i.e., an access-restricted location such as a restricted conference room or locked drawer) at the offices of the Receiving Party's Outside Counsel at all times.  The Receiving Party may make no more than five additional paper copies of any portions of the source code files, not including copies attached to court filings.  Except for when such additional paper copies are being used in deposition, any such additional paper copies shall be kept in a secured location (i.e., an access-restricted location such as a restricted conference room or locked drawer) at the offices of the Receiving Party's Outside Counsel. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition, at the conclusion of which all copies except the copy used as an exhibit or copies retained by Producing Party's counsel shall be destroyed.

(x)   The Receiving Party may make and use electronic snippets and images of the source code if necessary for court filings, expert reports, discovery responses, trial exhibits, demonstrative exhibits and other similar documents (including drafts thereof).  Except for the final version of a document that will be filed under seal, the Receiving Party must at all times password protect any such electronic copies with a password comprising at least ten characters which include at least the following: a lower case letter, a capital

letter, a number, and a special character.  All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal.

(xi)     Except as provided in Section 8(c)(x) of this Protective Order, the Receiving Party shall not make any electronic copies of the electronic source code (e.g., Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner--including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). The Receiving Party may electronically transmit the password protected documents referenced in Section 8(c)(x) above to persons authorized to view HIGHLY CONFIDENTIAL -- SOURCE CODE INFORMATION pursuant to Sections 6.4(a) and (b) of this Protective Order,  as well as Professional Vendors to whom disclosure is reasonably necessary for the above-caption litigation and who have signed the "Acknowledgment and Agreement to Be Bound."  Any such electronic transmission must be password protected, and the password should not be identified in the same communication attaching the password protected file. Except as permitted herein, unless agreed in advance by the parties in writing, images or electronic copies of source code shall not be included in correspondence (references to production numbers shall be used instead).

(xii)    Materials inadvertently left by the Receiving Party in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.  The Producing Party shall not be responsible for any items left in the source code viewing room.

(xiii)  Copies of HIGHLY CONFIDENTIAL – SOURCE CODE that are marked as deposition exhibits shall not be provided to the court

- 24 -

reporter or attached to deposition transcripts; rather, the deposition record shall clearly identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition HIGHLY CONFIDENTIAL – SOURCE CODE exhibit.  If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to outside counsel for the other Party.

(xiv)   Outside Counsel of Record for the Receiving Party with custody of HIGHLY CONFIDENTIAL – SOURCE CODE information shall maintain a source code log containing the following information: (1) the identity of each person granted access to the HIGHLY CONFIDENTIAL – SOURCE CODE information, and (2) the first date on which such access was granted.  Outside litigation counsel for the Receiving Party shall produce, upon request, each such source code log to the Producing Party within twenty (20) days after the final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Producing Party shall also be entitled to each such source code log during the pendency of litigation upon a showing of good cause.

(xv)   Nothing in this Productive Order shall be construed to limit how a Producing Party may maintain material designated as HIGHLY CONFIDENTIAL-SOURCE CODE.  Any document containing five or more pages of HIGHLY CONFIDENTIAL – SOURCE CODE may be produced for inspection subject to the protocol set forth in this Paragraph 8; however such documents shall not count against the limit of printouts set forth in Paragraph 8(c)(viii).

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

**PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Other Proceedings.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an

opportunity to appear and be heard on whether that information should be disclosed.

**10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced pursuant to a subpoena by a Non-Party in the above-captioned action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity.  If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth

- 27 -

in this Order.  If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time.  Within seven (7) business days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies).  The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Disputed Designation").  The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation.  The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) business days after receiving a Notice of Disputed Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within five (5) business days after receiving such description,

the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed.  Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the court.  If the Receiving Party seek relief from the Court within such five (5) business-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.  Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this section 12 shall be immediately returned to the Producing Party.

(d)     With respect to documents and things generated by the Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)     The procedures set forth in this section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.  There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section 12 with respect to such inadvertent disclosure or production.

118038140\V-1

**13.**     **MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>.  All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the Central District of California.  The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the provisions set forth in this Stipulation and Order, including the procedures for filing and marking such materials as set forth above.  Any Party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the Designating Party.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**14.     RESTRICTIONS RELATING TO THE EXPORT OF HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY AND HIGHLY CONFIDENTIAL – SOURCE CODE.**

- 30 -

1    Absent further agreement or Court Order, no HIGHLY CONFIDENTIAL –
2    ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE
3    may leave the territorial boundaries of the United States of America. Without
4    limitation, this prohibition extends to physical hard copies of any material
5    designated under this order and electronic data. The viewing of materials
6    designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or
7    HIGHLY CONFIDENTIAL – SOURCE CODE through electronic means outside
8    the territorial United States of America is similarly prohibited.

9    **15.    <u>FINAL DISPOSITION</u>**

10   Within 60 days after the final disposition of an above-captioned action, as defined
11   in paragraph 3, each Receiving Party must return all Protected Material to the
12   Producing Party or destroy such material.  Whether the Protected Material is
13   returned or destroyed, the Receiving Party must submit a written certification to the
14   Producing Party (and, if not the same person or entity, to the Designating Party) by
15   the 60-day deadline confirming the return or destruction of the Protected Material.
16   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
17   pleadings, motion papers, trial, deposition, and hearing transcripts, legal
18   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
19   work product, and consultant and expert work product, even if such materials
20   contain Protected Material.  Any such archival copies that contain or constitute
21   Protected Material remain subject to this Protective Order as set forth in Section 3
22   (DURATION).

23
24
25
26
27
28

118038140\V-1

1

Dated:  April 15, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: /s/ _Manny J. Caixeiro___
MANNY J. CAIXEIRO (Bar No. 320473)
manny.caixeiro@dentons.com
DENTONS US LLP
601 South Figueroa Street
Suite 2500
Los Angeles, CA 90017

TIMOTHY J. CARROLL
(admitted *pro hac vice*)
tim.carroll@dentons.com
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606-6361

*Attorneys for Plaintiff*

- 32 -

By: /s/ Jennifer Klein Ayers

Scott R. Miller (SBN 112656)
smiller@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071

Steven G. Schortgen
(admitted *Pro Hac Vice*)
Jennifer Klein Ayers
(admitted *Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2200 Ross Ave, 24th Floor
Dallas, Texas 75201

Jesse Salen (SBN 292043)
SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
12275 El Camino Real, Ste. 200
San Diego, CA 92130-4092
Telephone: (858) 720-8964
Facsimile: (858) 523-6722
jsalen@sheppardmulin.com

*Attorneys for Defendant*

SO ORDERED:

DATED: April 19, 2021

_____

HON. GEORGE H. WU, U.S. District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 5-4.3.4, I, Manny J. Caixeiro, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Manny J. Caixeiro*
Manny J. Caixeiro

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on April 15, 2021.

*/s/ Manny J. Caixeiro*
Manny J. Caixeiro

*Attorneys for Plaintiff*

118038140\V-1